CROSS, APPELLEE, ET AL. *v*. A-BEST PRODUCTS COMPANY ET AL.; AMERICAN OPTICAL CORPORATION, APPELLANT.

[Cite as *Cross v. A-Best Prods. Co.*, 124 Ohio St.3d 239, 2010-Ohio-121.]

*Discretionary appeal accepted and court of appeals' judgment reversed on the authority of Ackison v. Anchor Packing Co.*

(No. 2009-1774 — Submitted December 15, 2009 — Decided January 21, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 90388, 2009-Ohio-3079.

_____

{¶ 1} The discretionary appeal is accepted.

{¶ 2} The judgment of the court of appeals is reversed on the authority of *Ackison v. Anchor Packing Co.*, 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents.

_____

**PFEIFER, J., dissenting.**

{¶ 3} With 2003 Am.Sub.H.B. No. 292, 150 Ohio Laws, Part II, 3970 ("H.B. 292"), the General Assembly, deciding that a crisis existed in Ohio regarding the administration of claims for alleged injuries caused by exposure to asbestos, radically changed the nature of asbestos litigation. The General Assembly, however, allowed certain plaintiffs to escape the purview of H.B. 292: pursuant to R.C. 2307.93(A)(3)(a), the requirements of H.B. 292 do not apply if they impair the substantive rights of the plaintiff and that impairment is "otherwise in violation of Section 28 of Article II, Ohio Constitution." In such

instances, the parties proceed under the law as it existed prior to the enactment of H.B. 292. R.C. 2307.93(A)(3)(b).

{¶ 4} Pursuant to R.C. 2307.93(A)(3)(a), the trial court below exempted plaintiff-appellee, Milton B. Cross, from the requirements of H.B. 292 in regard to what constitutes "competent medical authority" under R.C. 2307.91(Z). Cross claims to have suffered lung cancer due to his exposure to asbestos, and the trial court found that applying the dictates of H.B. 292 to what constitutes "competent medical authority" impaired Cross's substantive rights and that that impairment violated Section 28, Article II of the Ohio Constitution. The trial court then applied the standard of witness competency contained in Evid.R. 702, which governed asbestos-injury cases prior to the enactment of H.B. 292. The court of appeals affirmed the trial court's decision.

{¶ 5} The majority reverses this case summarily, on the authority of *Ackison v. Anchor Packing Co.*, 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118. The majority opinion in *Ackison*, however, does not address the saving clause contained in R.C. 2307.93(A)(3). This case gives this court an opportunity to determine whether R.C. 2307.93(A)(3) has any vitality, or at the very least, why it does not apply in this case. I wrote of R.C. 2307.93(A)(3) in my dissent in *Ackison*, noting that "[t]he majority * * * effectively cuts that lifeline today for all plaintiffs." *Ackison* at ¶ 68. Did *Ackison* indeed doom R.C. 2307.93(A)(3), or can that statute still be applied on a case-by-case basis? Parties and courts need to know whether R.C. 2307.93(A)(3) is useful or whether it is a vestigial remnant of the General Assembly's conscience.

{¶ 6} This case should be briefed and argued. Short of that, I dissent for the reasons stated in my dissent in *Ackison*.

_____

Kelley & Ferraro, L.L.P., Anthony Gallucci, Jaeson L. Taylor, Eric C. Wiedemer, and Jennifer L. Gardner, for appellee.

2

Tucker, Ellis & West, L.L.P., Susan M. Audey, and Jeffrey A. Healy, for appellant.

_____